IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH TYRONE MUSGROVE, AIS #179479, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:16-CV-29-WHA (WO) |
| JEFFERSON S. DUNN, et al., | ) ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The court received this civil action in which Kenneth Tyrone Musgrove is listed as a plaintiff. However, Musgrove did not file the applicable $350 filing fee and $50 administrative fee necessary when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk. Consequently, the court did not have the information essential in determining whether Musgrove should be allowed to proceed *in forma pauperis* in this case and, therefore, entered an order requiring that Musgrove provide the court with the requisite information on or before February 8, 2016. *Order of January 14, 2016 - Doc. No. 3* at 1-2. The court specifically cautioned Musgrove that failure to comply with this order would result in a Recommendation that this case be dismissed. *Id*. at 2.

As of the present date, Musgrove has filed nothing in response to the aforementioned order. The court therefore concludes that this case is due to be dismissed. *Moon v. Newsome,* 863 F.2d

835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Musgrove's failure to file the requisite fees or provide the court with financial information in compliance with the order of this court.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 7, 2016.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 18th day of February 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE